UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAYTHANIEL YOUNG,

    Plaintiff,

v.

PIERCE COUNTY CORRECTIONS, NAPHCARE, INC.,

    Defendants.

CASE NO. 3:22-CV-5382-DGE

REPORT AND RECOMMENDATION

Noting Date: September 23, 2022

    The District Court has referred Plaintiff Jaythaniel Young's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19. On May 25, 2022, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1. The Court screened Plaintiff's proposed complaint, identified deficiencies in the proposed complaint, and directed Plaintiff to file an amended complaint curing the deficiencies. On September 1, 2022, Plaintiff filed a signed proposed amended complaint. Dkt. 7.

    The Court has reviewed Plaintiff's proposed amended complaint and finds Plaintiff has not cured the deficiencies identified in the Court's Order Allowing Amended Complaint and

Renoting Application to Proceed *In Forma Pauperis* ("Order"). Therefore, the Court recommends this case be dismissed without prejudice for failure to state a claim and the Application to Proceed *In Forma Pauperis* ("IFP") be denied.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 1. Plaintiff has no cash on hand and "$-10" in his bank accounts. *Id*. at p. 2. He has a vehicle worth $350. *Id*. While Plaintiff provides no monthly expenses, he states he is currently seeking employment and is homeless. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed amended complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed amended complaint, Plaintiff states Defendants Pierce County Corrections/Jail and NaphCare, Inc. violated his constitutional rights when they failed to provide him with proper medical treatment for his undiagnosed cancer. Dkt. 7 at 5.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims**. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the proposed amended complaint, Plaintiff names only Pierce County and NaphCare Inc. as defendants. Dkt. 7. A municipality or entity may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). To set forth a claim, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. Additionally, when a private entity acting under color of state law is sued pursuant to § 1983, the Ninth Circuit has instructed that the *Monell* requirements apply to the private entity. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *see also M.H. v. County of Alameda*, 62 F. Supp. 3d 1049, 1085-86 (N.D. Cal. 2014) (finding that a private healthcare provider fell under *Monell*). Plaintiff has not alleged facts to show either Pierce County or NaphCare, Inc. is liable under *Monell*. *See* Dkt. 7. Rather, he provides only generalized allegations that he was denied adequate medical treatment for his undiagnosed cancer. *See* Dkt. 7. Plaintiff was notified of this deficiency in the Order, yet he did not cure the deficiency. *See* Dkts. 3, 7.

In the proposed amended complaint, Plaintiff also fails to state the alleged wrong-doing of any Defendant. *See* Dkt. 7. Plaintiff was warned that his conclusory statements were not sufficient to state a claim. *See* Dkt. 3. However, in the proposed amended complaint, Plaintiff

REPORT AND RECOMMENDATION - 4

again provides only generalized statements alleging he was harmed because he was not provided with proper medical care for his undiagnosed cancer. Dkt. 7 at 5. Plaintiff fails to state the alleged wrong-doing of any named individual who was acting under color of state law. Moreover, Plaintiff's statements are too conclusory to sufficiently show deliberate indifference.

Plaintiff also filed an unsigned narrative and attached over 100 pages of medical and prison records. *See* Dkts. 4, 6. While not part of the proposed amended complaint, the narrative still only provides generalized complaints about the alleged deficient medical treatment he received while housed in the Pierce County Jail. "[T]he Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005).

As Plaintiff has not shown he suffered a violation of his constitutional rights that was caused by a person acting under color of state law, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

For the above stated reasons, the Court finds Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff has been put on notice of the deficiencies of his proposed complaint, but did not cure the deficiencies. Dkts. 3, 7. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F.

App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Conclusion.** The Court finds Plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the complaint. Therefore, the Court recommends the case be dismissed for failure to state a claim and additional leave to amend not be given. As the Court finds Plaintiff has failed to state a claim, the Court recommends Plaintiff's Application to Proceed IFP be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 23, 2022, as noted in the caption.

Dated this 7th day of September, 2022.

David W. Christel
United States Magistrate Judge