UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAYTHANIEL YOUNG,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PIERCE COUNTY CORRECTIONS et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:22-cv-05382-DGE<br><br>ORDER ON REPORT AND RECOMMENDATION |

　　　　On May 25, 2022, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"). (Dkt. No. 1.) The Court screened Plaintiff's proposed complaint, identified deficiencies in the proposed complaint, and directed Plaintiff to file an amended complaint curing several deficiencies, including a failure to name proper defendants or allege personal participation of defendants in the alleged wrongdoing. (Dkt. No. 3.) The Court granted Plaintiff leave to amend his complaint, and re-noted Plaintiff's application to proceed IFP. (*Id*.) On August 12, 2022, Plaintiff filed a proposed amended complaint. (Dkt. No. 4.)

ORDER ON REPORT AND RECOMMENDATION - 1

1    On September 7, 2022, United States Magistrate Judge David W. Christel issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint without prejudice for failure to state a claim and deny Plaintiff's IFP application. (Dkt. No. 8.) Judge Christel found that Plaintiff had failed to correct the deficiencies present in his original complaint and recommended that the Court deny Plaintiff further leave to amend. (*Id.*)

On September 21, 2022, Plaintiff filed objections to Judge Christel's R&R. (Dkt. No. 9.) Plaintiff requested an additional 30 days to correct the deficiencies in his complaint, stating that his knowledge of the law is limited and that he is hoping to secure legal assistance shortly. (*Id.*) On September 23, 2022, Plaintiff paid the filing fee.

The Court construes Plaintiff's objections to the R&R as a motion to amend his complaint. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed the Motion to Amend prior to service. Further, "[c]ourts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and request for leave should be granted with 'extreme liberty.'" *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also Moss v. U.S. Secret Service*, 572 F.3d at 972; *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

ORDER ON REPORT AND RECOMMENDATION - 2

Here, Plaintiff alleges that he received inadequate medical treatment for cancer while in custody, acknowledges the deficiencies in his complaint, and seeks additional time to address them. For all the reasons, the Court declines to adopt the Report and Recommendation (Dkt. No. 8.) and GRANTS Plaintiff leave to amend his complaint. Plaintiff shall file his amended complaint, which shall address the deficiencies previously identified, within 30 days of this order.

Dated this 16th day of November, 2022.

David G. Estudillo
United States District Judge

ORDER ON REPORT AND RECOMMENDATION - 3