1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAYTHANIEL YOUNG,

                Plaintiff,

     v.

NAPHCARE INC. et al.,

                Defendants.

CASE NO. 3:22-cv-05382-DGE

ORDER DISMISSING CASE
WITHOUT PREJUDICE

       On May 25, 2022, Plaintiff filed a proposed civil complaint and an application to proceed in forma pauperis ("IFP") claiming a violation of his constitutional rights under 42 U.S.C. § 1983.  (Dkt. No. 1.)  United States Magistrate Judge David W. Christel screened Plaintiff's proposed complaint, identified deficiencies in the proposed complaint, and directed Plaintiff to file an amended complaint curing several deficiencies, including a failure to name proper defendants or allege personal participation of defendants in the alleged wrongdoing.  (Dkt. No. 3.)  Judge Christel granted Plaintiff leave to amend his complaint, and re-noted Plaintiff's

application to proceed IFP.  (*Id*.)  On August 12, 2022, Plaintiff filed a proposed amended complaint. (Dkt. No. 4.)

On September 7, 2022, Judge Christel issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint without prejudice for failure to state a claim and deny Plaintiff's IFP application.  (Dkt. No. 8.)  Judge Christel found that Plaintiff had failed to correct the deficiencies present in his original complaint and recommended that the Court deny Plaintiff further leave to amend.  (*Id*.)  On September 21, 2022, Plaintiff filed objections to Judge Christel's R&R, requesting an additional 30 days to correct the deficiencies in his complaint.  (Dkt. No. 9.)  Plaintiff stated that his knowledge of the law was limited and that he hoped to secure legal assistance shortly.  (*Id*.)  On September 23, 2022, Plaintiff paid the filing fee.

On November 16, 2022, the Court declined to adopt Judge Christel's R&R and granted Plaintiff leave to amend his complaint so he could address the deficiencies identified by Judge Christel. (Dkt. No. 10.)  On December 16, 2022, Plaintiff filed an amended complaint.  (Dkt. No. 12.)  His amended complaint continued to assert a § 1983 claim.  (*Id*. at 10.)

On March 21, 2023, the Court issued an order to show cause informing Plaintiff that his amended complaint still only named Pierce County and NaphCare Inc. as defendants and failed to state the alleged wrongdoing of any named defendant who was acting under color of law. (Dkt. No. 14.)  The Court found that Plaintiff's amended complaint failed to state a claim upon which relief could be granted and ordered Plaintiff to show cause, no later than April 4, 2023, why his complaint should not be dismissed without prejudice.  (*Id*.)

On April 4, 2023, Plaintiff responded to the Court's order to show cause.  (Dkt. No. 15.) Plaintiff's response restates the allegations in his complaint, but still has not alleged personal

participation of the named defendants in the alleged wrongdoing.  Plaintiff's response references

unnamed corrections officers who he alleges were aware of his health concerns, but asserts he

cannot remember their names because the incidents underlying his complaint occurred in 2019.

(*Id.*)  Plaintiff similarly references unnamed nurses who allegedly ignored his health concerns.

(*Id.*)  Notwithstanding, Plaintiff has yet to assert a proper § 1983 claim against the named

defendants.

Municipalities, and by extension their corporate contractors[1], may be held liable under 42

U.S.C. § 1983 only where they "inflict[] an injury."  *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d

1175, 1185 (9th Cir. 2002), *rev'd on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d

1060 (9th Cir. 2016).  They cannot be sued under a respondeat superior theory of liability.  *See*

290 F.3d at 1175; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694

(1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its

employees or agents.").

Under the *Monell* line of cases, there are two paths to liability—direct and indirect

*Monell* claims.  A party may bring a direct *Monell* claim by arguing "that a particular municipal

action itself violates federal law."  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S.

397, 404 (1997)  In such circumstances, the Court must determine whether a municipality's

challenged policy or custom is facially unconstitutional and if the municipality deliberately

adopted the facially unconstitutional policy.  *See Mann v. Cnty. of San Diego*, 907 F.3d 1154,

1164 (9th Cir. 2018).

---

[1] *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that *Monell* applies to "private entities acting under color of state law.").

1    A party may also allege an indirect *Monell* claim.  Under the indirect approach, "a

2    plaintiff need not allege that the municipality itself violated someone's constitutional rights or

3    directed one of its employees to do so.  Instead, a plaintiff can allege that through its omissions

4    the municipality is responsible for a constitutional violation committed by one of its employees."

5    *Gibson*, 290 F.3d at 1186.  To prevail on an indirect *Monell* claim, however, a plaintiff must

6    establish that the municipality was deliberately indifferent to the injury caused by their otherwise

7    constitutional policy or custom.  *See Mann v. Cnty. of San Diego*, Case No. 3:11-CV-0708-GPC-

8    BGS, 2016 WL 3365746, at *8 (S.D. Cal. June 17, 2016).  Additionally, the municipality's

9    deliberate indifference must be the "moving force" resulting in the Plaintiff's constitutional

10   injury.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

11   The Court is sympathetic to Plaintiff's argument, and understands that it would be

12   difficult to recall the names of everyone involved in the alleged deprivation of his rights.

13   Nevertheless, Plaintiff's response does not address the prior deficiencies and still fails to allege

14   the wrongdoing of the named defendant by failing to allege a § 1983 *Monell* claim against the

15   named defendants.

16   Approximately four months have passed since Plaintiff filed his response to the Court's

17   last order to show cause.  As of today's date, Plaintiff has yet to file a new amended complaint.

18   Accordingly, Plaintiff's amended complaint is DISMISSED without prejudice.

19

20   Dated this 3rd day of August, 2023.

21

22

23   David G. Estudillo
     United States District Judge

24

ORDER DISMISSING CASE WITHOUT PREJUDICE - 4